**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TAQUILA GREEN,                                                                    PLAINTIFF

VS.                                        No. 4:20-cv-1260-KGB

HALL MANUFACTURING, LLC d/b/a
BUSH-WHACKER                                                                   DEFENDANT

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Hall Manufacturing, LLC d/b/a Bush-Whacker ("Defendant" or "Hall Manufacturing") has moved the Court, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's Complaint for insufficient service of process. In addition, Defendant has moved the Court, pursuant to Federal Rule 12(b)(1) and 12(b)(6), for dismissal of Plaintiff's claims for negligence and intentional infliction of emotional distress. Plaintiff's negligence claim is preempted by the exclusivity doctrine of Arkansas workers' compensation law, and she has failed to state a claim for intentional infliction of emotional distress under Arkansas's high standard for outrage claims.

## I.       RELEVANT BACKGROUND

Plaintiff Taquila Green filed her Complaint on October 21, 2020, against her former employer, Hall Manufacturing. (Doc. 1). Green alleges: 1) violations of Title I of the Americans with Disabilities Act ("ADA") for disability discrimination; 2) violations of the Arkansas Civil Rights Act, for disability discrimination; 3) negligence; and 4) intentional infliction of emotional distress. *Id*.

On November 3, 2020, Plaintiff attempted to "serve" Defendant by leaving a copy of the Complaint on the front desk of Defendant's office, located at 3706 East Washington Avenue, in North Little Rock, Arkansas. Plaintiff then attempted service a second time by mailing a copy of

the Complaint and Summons, certified mail, "Return Receipt for Merchandise," to Defendant's office. *See* <u>Exhibit A</u>.   The envelope is addressed to an individual named "Roberta A. Hall." *Id.* No such individual exists. Rather, the designated registered agent for Defendant is Robert A. Hall.[1] Additionally, on the Affidavit of Service filed with the Court (Doc. 2), Plaintiff incorrectly noted "Bush Wacker" or "Bush Whacker" as the registered agent and the individual served. No such individual exists. Further, the USPS Tracking information shows only that the envelope was delivered to "an individual." (Doc. 2). Plaintiff did not request that Defendant waive process, and Defendant has not consented to waive service.

## II.   ANALYSIS AND AUTHORITIES

### A.   The Applicable Standards of Review

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885–86 (8th Cir. 1996) (district court lacks jurisdiction over party improperly served whether or not it had actual notice of the lawsuit) (citing *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)). A party challenging the method or lack of delivery of a summons and complaint may move to dismiss the case. See FED. R. CIV. P. 12(b)(5). Once service of process is contested, plaintiffs have the burden of proving proper service of process. *Cooper v. Ark. Dep't of Corr.*, NO. 4:17-CV-337-JM-BD, 2018 WL 736322, at *1 (E.D. Ark. Jan. 19, 2018).

---

[1]   *See*   Arkansas   Secretary   of   State   Business   Registry, https://www.sos.arkansas.gov/corps/search_corps.php?DETAIL=286605&corp_type_id=&corp_name=hall+manufacturing&agent_search=&agent_city=&agent_state=&filing_number=&cmd=, last visited November 19, 2020.

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if the court does not have subject matter jurisdiction over it. The plaintiff bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

With regard to Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. A motion to dismiss is properly granted when a complaint offers nothing "more than labels and conclusions" – "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S at 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## B.   Plaintiff Failed to Effect Proper Service of Process on Defendant.

Upon motion by a defendant, a court may dismiss an action for insufficiency of service of process. *See* FED. R. CIV. P. 12(b)(5). The plaintiff has the burden of proof to establish proper service of process. *See, e.g., Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). "Proper service of process is fundamental and significant because '[i]f a defendant is improperly served, a federal court lacks jurisdiction over

the defendant.'" *Hart v. Coffee*, No. 07-5088, 2007 U.S. Dist. LEXIS 100272, at *3 (W.D. Ark. Oct. 30, 2007) (quoting *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)).

Rule 4 of the Federal Rules of Civil Procedure sets forth the methods for a plaintiff to serve process on a corporate defendant and also provides a method for a defendant to waive service. *See* FED. R. CIV. P. 4(h) and 4(d). Because Plaintiff did not request that Defendant waive process and Defendant has not consented to waive service, Plaintiff must effect formal service of process, which she has not done.

Service upon a company such as Defendant may be effected by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h)(1). Additionally, service may be effectuated on a corporation in any manner authorized by state law. *Id.* (incorporating FED. R. CIV. P. 4(e)(1)). With respect to service on an LLC, the Arkansas Rules of Civil Procedure provide:

> Service on a limited liability company shall be on its registered agent for service of process, or the agent's secretary or assistant; a manager of a limited liability company in which management is vested in managers rather than members, or the manager's secretary or assistant; a member of a limited liability company in which management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant; a managing or general agent of the limited liability company, or the agent's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by an applicable statute.

Ark. R. Civ. P. (4)(f)(6).

Under Rule 4 of the Arkansas Rules of Civil Procedure, for service by mail to be valid, the complaint and summons must be "addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee

must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. Ark. R. Civ. P. 4(g)(1)(A)(i). The only exception is, if the registered agent for a corporation is served, certified mail with a return receipt requested is sufficient. *Id.*

Plaintiff has not substantially complied with the requirements of Ark. Civ. P. 4 for service by mail, and thus, service was not proper. As noted above, Plaintiff initially attempted to serve Defendant by simply leaving a copy of the Complaint and Summons on the front desk of Defendant's office, located at 3706 East Washington Avenue, in North Little Rock, Arkansas. "[G]enerally speaking, the papers cannot be left with someone at the officer's or agent's office or place of business." 4A Charles Alan Wright et al., *Federal Practice and Procedure* § 1101 (3d ed. 2015); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286 (E.D.N.Y. 2000) (attempting service on corporation by leaving summons and complaint with receptionist not effective); *Battie v. Freeman Decorating*, No. 01-2282, 2001 U.S. Dist. LEXIS 18262, at *2 (E.D. La. Oct. 31, 2001) (leaving documents at the front desk not proper service).

Apparently realizing the defects with her first service attempt, Plaintiff then attempted to serve the Complaint a second time by mailing a copy of the Complaint and Summons, certified mail, "Return Receipt for Merchandise," to Defendant's office. *See* Exhibit A. Thus, Plaintiff did not comply with the requirements for mailing set forth in Ark. R. Civ. P. 4(g)(1)(A)(i). Moreover, the envelope was addressed to an individual named "Roberta A. Hall." No such individual exists. Rather, the designated registered agent for Defendant is Robert A. Hall. Plaintiff did not serve Mr. Hall, as evidenced by the Affidavit of Service, filed with the Court. (Doc. 2). As shown in that Affidavit, Plaintiff incorrectly noted "Bush Wacker" or "Bush Whacker" as the registered agent served. No such individual exists, and Mr. (or Ms.) Bush

Wacker is certainly not Defendant's designated registered agent.[2] The USPS Tracking information shows only that "an individual" received the mail. Plaintiff cannot demonstrate service on an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Consequently, Plaintiff's attempted service on Defendant was insufficient and the claims against it should be dismissed pursuant to Rule 12(b)(5).

### C. Plaintiff's Negligence Claim Is Barred by the Exclusivity Doctrine of Arkansas's Workers' Compensation Laws.

Plaintiff's negligence claim is barred by the exclusivity doctrine of Arkansas's workers' compensation laws, which grant employers immunity from liability for damages in tort actions brought by injured employees. *See* Ark. Code Ann. § 11-9-105; *Int'l Paper Co. v. Clark Co. Circuit Ct.*, 375 Ark. 127, 129, 289 S.W.3d 103, 105-06 (2008). "Federal district courts in this state have recognized that they, like the state courts, have no subject-matter jurisdiction in cases in which exclusive jurisdiction is vested in the Workers' Compensation Commission." *Phifer v. Union Carbide Corp.*, 492 F. Supp. 483, 484 (E.D. Ark. 1980) (collecting cases). Plaintiff's negligence claim falls squarely within the doctrine's coverage. *See Blakely v. Schlumberger Tech. Corp.*, No. 4:08-CV-04120-WRW, 2009 WL 385857, at *2 (E.D. Ark. Feb. 12, 2009) ("Plaintiff's negligence claims are exclusively litigated before the Arkansas Worker's Compensation Commission, and these claims must be dismissed for lack subject matter jurisdiction."); *see also Vann v. Dow Chemical Co.*, 561 F. Supp. 141, 145 (W.D. Ark. 1983) (granting a Rule 12(b)(6) motion, finding a negligence claim preempted by workers' compensation exclusivity under Arkansas law).

Here, as in *Blakely* and *Vann*, Plaintiff has alleged that she was physically injured in the course of her employment with Defendant as a result of Defendant's negligence in "caus[ing] the

---

[2] To the contrary, Plaintiff alleges that "Bush Whacker" is the "doing business as" name

workplace hazard of paint lines and/or cords to be exposed at or around the workspace of Plaintiff." Complaint ("Compl.") at ¶¶ 55-62. These claims are only compensable before the Arkansas Workers' Compensation Commission, and only the Commission has jurisdiction over them. *See Blakely*, 2009 WL 385857, at *2; *Vann*, 561 F. Supp. at 145. Accordingly, Plaintiff's negligence claim should be dismissed.

>    **D.    Plaintiff Has Failed to State a Claim of Intentional Infliction of Emotional Distress.**

Likewise, Plaintiff has failed to state a claim under Arkansas law for intentional infliction of emotional distress. To plead an outrage claim, a plaintiff must allege that: 1) defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; 2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community"; 3) the actions of the defendant were the cause of the plaintiff's distress; and 4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Hollingsworth v. First Nat'l Bank & Trust Co. of Rogers,* 311 Ark. 637, 640, 846 S.W. 2d 176, 179 (1993) (affirming the dismissal of an outrage claim where plaintiffs "failed to plead any facts to support their cause of action for tort of outrage besides merely stating in summary fashion that the appellees' actions were 'extreme and outrageous beyond the bounds of decency'"). "The Arkansas Supreme Court takes a 'very narrow view of claims for the tort of outrage,'" *Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1031 (E.D. Ark. 1996), and requires "clear-cut proof" to establish the elements. *Kiersey v. Jeffrey*, 253 S.W.3d 438, 441 (Ark. 2007).

---

for Defendant.

### 1.   Plaintiff Has Failed to Plead Outrage.

"Review of outrage claims in employment situations is particularly strict because 'an employer must be given a certain amount of latitude in dealing with employees.'" *Freeman v Bechtel Constr. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (quoting *Sterling v. Upjohn Healthcare Servs., Inc.,* 299 Ark. 278, 772 S.W.2d 329, 330 (1989)). In *Freeman*, the Eighth Circuit affirmed a decision by this Court, which granted a motion to dismiss an outrage claim in the employment context. *Id.* In doing so, the Eighth Circuit noted that "[t]he Arkansas Supreme Court takes 'a very narrow view of claims for the tort of outrage.'" *Id.* (quoting *Ross v. Patterson,* 307 Ark. 68, 817 S.W.2d 418, 420 (1991)). "The conduct at issue must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.'" *Id.* (quoting *Ross*). The *Freeman* court noted that when considering the defendant's motion to dismiss, "[t]he trial court must initially determine whether conduct may reasonably be regarded as so outrageous as to permit recovery." *Id.* (citing *Smith v. American Greetings Corp.,* 304 Ark. 596, 804 S.W.2d 683, 686 (1991)).

In determining the type of conduct that is sufficiently outrageous to survive a motion to dismiss, the case of *Smith v. American Greetings Corp.*, 304 Ark. 596, 601, 804 S.W.2d 683, 686 (1991), is particularly instructive. In *Smith,* the Arkansas Supreme Court upheld the dismissal of an outrage claim in the employment context where the plaintiff's supervisor **physically assaulted him** and then fired him. *Smith v. American Greetings Corp.*, 304 Ark. 596, 601, 804 S.W.2d 683, 686 (1991). In dismissing that claim, the Arkansas Supreme Court noted, "[w]e have taken a strict view in recognizing such a claim, especially in employment relationship situations." *Smith*, 804 S.W.2d at 686 (citations omitted).

Conduct that is merely "rude and illustrative of a lack of professionalism" is not sufficient to sustain a claim of outrage. *Crockett v. Essex*, 19 S.W.3d 585, 590 (Ark. 2000). In *Sterling v. Upjohn Healthcare Servs. Inc.*, 772 S.W.2d 329 (Ark. 1989), the Arkansas Supreme Court upheld the granting of summary judgment in favor of the employer on a claim of outrage where the employee alleged that his supervisor took a dislike to him, undermined him in various ways, falsely told other employees that he was always drunk, falsely accused him of lying on his job application, cursed him, and became violent when discussing him with other employees.

The Eighth Circuit, applying the Arkansas standard for outrage in *Kelley v. Georgia-Pacific Corp.*, 300 F.3d 910 (8th Cir. 2002), rejected an outrage claim in the employment context where the plaintiff's supervisor and his wife took the plaintiff's 19-year-old daughter out-of-state, gave her alcohol and narcotics, and persuaded her to dance topless at a strip club, and when the plaintiff complained, he was terminated.

Plaintiff's allegations do not come close to meeting Arkansas's high standard for outrage. Rather, Plaintiff alleges (without providing **any** detail) that she was "belittled and humiliated by members of Defendant[']s human resources and management in front of her coworkers." Compl., ¶ 64. She also alleges (again without detail) that she "was told and made to feel that she was 'taking advantage of the system' and of her employer simply because she was injured on the job.'" Compl., ¶ 65. She also claims that coworkers bullied her and tried to intimidate her into resigning, although she does not contend that supervisors were aware of this alleged behavior. *Id.* at ¶ 66. She claims her wages were cut without warning. *Id.* at ¶ 67.

"Merely describing the conduct as outrageous is not enough." Howard W. Brill, ARKANSAS LAW OF DAMAGES, § 33-13, at 645 (5th ed. 2004). "Rude, aggressive, hateful, rumor-mongering, profane, and name-calling behavior has been held insufficient to support a cause of

action for outrage." *Cincinnati Life Ins. Co. v. Mickles*, 148 S.W.3d 768, 775 (Ark. Ct. App. 2004). "The recognition of the tort of outrage does not open the doors of the courts to every slight insult or indignity one must endure in life." *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 244, 743 S.W.2d 380, 383 (1988).

In a disability discrimination case similar to this case, the Court dismissed an outrage claim in which the plaintiff alleged that he developed a heart condition while employed as a truck driver for the company "as a result of his long hours of work and little rest." *Dixon v. Wood Manufacturing Co.*, No. 07-3026, 2008 WL 748376, at *1, 3 (W.D. Ark. Mar. 17, 2008). Plaintiff alleged that after he raised these concerns with his supervisors, he was fired when he took a day off to attend a doctor's appointment. In dismissing the outrage claim, the *Dixon* court concluded that "plaintiff has alleged nothing more than unprofessional and inconsiderate conduct on the part of his supervisor, which is insufficient to state a claim for the tort of outrage." *Id.* at *3. Likewise, here, none of Plaintiff's allegations is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Freeman*, 87 F.3d at 1031 (citations and quotations omitted).

### 2.      Plaintiff Has Failed to Plead Severe Emotional Distress.

In addition to her failure to allege conduct that is atrocious or intolerable, Plaintiff also has failed to sufficiently allege that she has suffered truly **severe** or **extreme** emotional distress. To state a cause of action for intentional infliction of emotional distress, Plaintiff must offer clear-cut proof of severe emotional distress. *Kiersey*, 253 S.W.3d at 443. "The emotional distress for which damages may be sought must be so severe that no reasonable person could be expected to endure it. It must be reasonable and justified under the circumstances. Liability arises only

when the distress is extreme." *M.B.M. Co. v. Counce*, 596 S.W.2d 681, 687 (1980) (citations

omitted). The Arkansas Court of Appeals has noted:

> [The plaintiff's] deposition testimony was that he was humiliated, frustrated,
> upset, and outraged; that he could not tell his wife what had happened; that he was
> afraid to speak to anyone about the trip; and that he lost sleep and had nightmares.
> He also stated that he had not been to a counselor. Such testimony does not rise to
> the level needed for mental anguish associated with outrage, even when viewed in
> the light most favorable to [the plaintiff.] Our courts have recognized that
> discomfort, upset, embarrassment, anxiety, loss of sleep, and depression do not
> meet the "mental distress" element of the tort of outrage.

*Coombs v. J.B. Hunt Transp., Inc.*, 2012 Ark. App. 24, 10.

Arkansas courts have certainly rejected as insufficient allegations of far greater emotional

distress than that alleged by Plaintiff. *See FMC Corp. v. Helton*, 202 S.W.3d 490, 505 (Ark.

2005) (evidence insufficient where plaintiff said he was "unable to sleep, lost weight, and had to

start taking antidepressants" and "also testified that the distress from this incident was as severe

as that caused by losing his mother"); *Givens v. Hixson*, 631 S.W.2d 263 (Ark. 1982) (evidence

insufficient where plaintiff testified that, after he was fired, he "was depressed, could not sleep or

eat, lost weight, and entered a hospital a month later (apparently owing to a heart condition)").

"Much greater proof is required to state a claim for outrage." *Schmidt v. Stearman*, 253 S.W.3d

35, 44 (Ark. Ct. App. 2007).

Plaintiff has provided zero detail concerning her purported emotional distress. Rather,

Plaintiff contends, without detail, that "Defendants inexplicably and without justification or

forewarning cut Plaintiff's wages which cause her anxiety, stress and depression . . . ." Compl., ¶

67. Plaintiff summarily contends that this behavior was "intentional," "extreme, outrageous, and

of such character as not to be tolerated by civilized society." Compl., ¶¶ 68-69. To try to save her

outrage claim, she simply adds a conclusory statement alleging that the purported distress was

"severe and serious." Compl., ¶ 70. However, she fails to provide any detail as to **what** specific

harm she suffered or **how** it was severe enough to support her outrage claim. This is insufficient. Plaintiff has not met the minimum requirements for pleading severe or extreme emotional distress.

In summary, "Arkansas law is replete with employment cases in which conduct far more objectionable than that described in this case was still found insufficient to equal the tort of outrage." *Freeman*, 87 F.3d at 1031 (citing *Smith*, 804 S.W.2d at 685). Therefore, Plaintiff has failed to state a claim for intentional infliction of emotional distress.

### III.   CONCLUSION

Plaintiff's Complaint should be dismissed for insufficient service of process. In addition, Plaintiff's negligence claim is barred by the exclusivity doctrine of Arkansas's workers' compensation laws, which grant employers immunity from liability for damages in tort actions brought by injured employees. Further, Plaintiff has failed to state a claim under Arkansas law for intentional infliction of emotional distress. For all of these reasons, Defendant respectfully requests that this Court grant its motion to dismiss.

> Eva C. Madison (98183)
> Maggie Benson (2015077)
> LITTLER MENDELSON, P.C.
> 217 E. Dickson Street, Suite 204
> Fayetteville, AR 72701
> Telephone: 479.582.6100
> emadison@littler.com
> mbenson@littler.com
>
> Attorneys for Hall Manufacturing, LLC

4848-9583-6882.5  107413.1002