**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TAQUILA GREEN                                                                    PLAINTIFFS

v.                                          **Case No. 4:20-cv-1260-KGB**

**HALL MANUFACTURING, LLC d/b/a
BUSH-WHACKER**                                                                  DEFENDANTS

<u>**ORDER**</u>

Before the Court is defendant Hall Manufacturing, LLC d/b/a Bush-Whacker's ("Hall Manufacturing") motion to dismiss for insufficient service of process or in the alternative, a motion to dismiss claims for preemption and failure to state a claim (Dkt. No. 4).  Plaintiff Taquila Green filed a response in opposition of the motions (Dkt. No. 8).  For the following reasons, the Court grants, in part, and denies, in part, Hall Manufacturing's motion to dismiss (Dkt. No. 4).

I.      **Background**

Ms. Green filed her original complaint in this Court on October 21, 2020, alleging violations of the American with Disabilities Act, 42 U.S.C. § 12101 *et seq*. as amended ("ADA"), Arkansas Code Annotated § 16-123-101, *et seq.*, negligence, and intentional infliction of emotional distress against her former employer Hall Manufacturing (Dkt. No. 1).

Ms. Green states that she worked for Hall Manufacturing as a supervisor and painter of tractor parts from August 2018 to February 2020 (Dkt. No. 1, ¶¶ 11-12, 7-8).  While performing her work duties on September 30, 2019, Ms. Green tripped over paint cords and experienced pain when she used her hands to break the fall (*Id.*, ¶ 13).  Ms. Green reported the incident to the on-site health and safety coordinator, Galen Pearson, and then sought medical treatment (*Id.*, ¶ 14).  Physicians diagnosed Ms. Green with torn ligaments, potential nerve damage, carpel tunnel syndrome, and triangular fibrocartilage complex tear and placed restrictions on her workload (*Id.*,

¶ 16).  Ms. Green disclosed the extent of her injuries to her supervisor, who restricted her work to 40 hours per week, and without explanation, decreased Ms. Green's pay from $24.00 to $19.00 (*Id.*, ¶¶ 18-24).  Ms. Green repeatedly asked for overtime, and after several refusals by Hall Manufacturing, Ms. Green was unexpectedly transferred to Hall Manufacturing's "Hall Tank" plant, where her working hours gradually decreased (*Id.*, ¶¶ 25-27).  Ms. Green asserts that she could perform the essential functions of the job; however, on February 19, 2021, one of Hall Manufacturing's employees claimed the company could no longer accommodate Ms. Green in her injured state, and Hall Manufacturing terminated her (*Id.*, ¶¶ 30-31).

Ms. Green filed a complaint against Hall Manufacturing on October 21, 2020, and the Clerk of the Court issued a summons (Dkt. No. 1).  Ms. Green attempted to serve Hall Manufacturing by leaving a copy of the complaint on the front desk at Hall Manufacturing's office (Dkt. Nos. 5, 8).  Ms. Green attempted service a second time by mailing the complaint and summons by certified mail, return receipt requested, to Hall Manufacturing's registered agent (Dkt. Nos. 5, 8).  On November 16, 2020, Ms. Green filed an acknowledgement of service with the Court (Dkt. No. 2).

Hall Manufacturing filed a motion to dismiss and a brief supporting its motion on November 24, 2020, and Ms. Green responded to the motion (Dkt. Nos. 4-5, 8).  Ms. Green sent a waiver of service of process to Hall Manufacturing on January 5, 2021; Hall Manufacturing signed and returned the waiver on February 4, 2021; and the waiver was filed with the Court on February 9, 2021 (Dkt. No 9).

## II.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  To overcome a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

The district court must accept the allegations in the complaint as true and "the allegations in the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*  Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III.    Analysis

#### A.    Service of Process

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss the case by challenging the delivery method of a summons and complaint.  Service of process is "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-445 (1946).  Therefore, a defendant must receive valid service of process for a district court to exercise personal jurisdiction. *Doshier v. Facebook, Inc.*, 2019 WL 4784898, at *3 (E.D. Ark. Sept. 30, 2019).  When the service of process is contested by the defendant, the plaintiff has the burden to

prove proper service.  *Woolbright v. Tankinetics, Inc.*, 2013 WL 5373614, at *2 (W.D. Ark. Sept. 25, 2013).

The Federal Rules of Civil Procedure do not provide for service of an individual within the United States by certified mail, but Federal Rule of Civil Procedure 4(e)(1) does permit service pursuant to the rules of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  The Arkansas Rules of Civil Procedure permit service by certified mail delivered to an authorized agent of a corporation.  Ark. R. Civ. P. 4(g)(1)(a)(i).  However, Arkansas law does not provide for a party to serve a defendant simply by leaving a copy of the summons at the officer's or agent's place of employment.  *Dintelman v. Chicot City, Mem'l Hosp.*, 20ll WL 1288482, at *4 (E.D. Ark. Mar. 31, 2011) (holding service of process insufficient where it was served at a defendant's workplace, but he was not present, and neither was a registered agent).

Under Arkansas law, for service of process by mail to be valid, the complaint and summons must be sent as "certified mail addressed to the person to be served with return receipt requested and delivery restricted to the addressee or the agent of the addressee."  Ark. R. Civ. P. 4(g)(1)(a)(i). The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with United States Postal Service regulations.  *Id.*  However, "service on the registered agent of a corporation may be made by certified mail with a return receipt requested."  *Id.*

In Arkansas, statutory service requirements must be strictly construed, and compliance with them must be exact.  *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525, 530 (Ark. 2003).  Under Arkansas law, "[a]ctual knowledge of a proceeding does not validate defective process."  *Wilburn v. Keenan Cos.*, 768 S.W.2d 531, 532 (Ark. 1989).  Other courts have noted that service of process by mail can be problematic and that service by mail must still meet

the requirements of the law.  *See Duquette v. Pac-Perl, LLC*, No. 3:13–CV–03067, 2014 WL 6908007, at *2 (W.D. Ark. Dec. 8, 2014) (noting that "problems with the United States Postal Service . . . do not suffice to overcome the formal requirements for service of process.").

Hall Manufacturing attests that Ms. Green attempted to serve the corporation by leaving a copy of the complaint on the front desk of its office (Dkt. No. 5).  Ms. Green then attempted to serve the complaint and summons by certified mail, "Return Receipt for Merchandise," to Hall Manufacturing's registered agent (Dkt. No. 5).  There is no dispute that Robert A. Hall is the designated registered agent for Hall Manufacturing (Dkt. Nos. 5, 8).  Hall Manufacturing certifies that the envelope with the complaint and summons was addressed to "Roberta A. Hall" (Dkt. No. 5).  Additionally, the affidavit of service filed with the Court incorrectly noted "Bush Wacker" or "Bush Whacker" as the registered agent and the individual served (Dkt. No. 5).  Ms. Green contends that the spelling errors are *de minimis* (Dkt. No. 8).

Further, the United States Postal Service tracking information shows only that the envelope was delivered to "an individual." (Dkt. No. 5).  Hall Manufacturing displays the Domestic Return Receipt, a PS Form 3811, lacking any signature (Dkt. No. 5).  While Ms. Green disputes the blank return receipt as subterfuge, the burden is on Ms. Green to show proof that service is made properly, and problems with service by mail with the United States Postal Service do not overcome this burden.  *See Duquette v. Pac-Perl, LLC*, No. 3:13–CV–03067, 2014 WL 6908007, at *2 (W.D. Ark. Dec. 8, 2014) (noting that "problems with the United States Postal Service . . . do not suffice to overcome the formal requirements for service of process.");  *see also McCoy v. Robertson*, 550 S.W.3d 33, 37 (Ark. Ct. App. 2018) (finding that plaintiff failed to make a prima facie showing of proper service by mail without evidence that plaintiff received a signed return receipt).

Within the time limits allowed for service of process under Federal Rule of Civil Procedure 4(m), Hall Manufacturing argues that Ms. Green did not seek a waiver of process and that formal service is still required (Dkt. No. 5).  On January 5, 2021, after Hall Manufacturing filed its motion to dismiss, Ms. Green sent a waiver of service request to Hall Manufacturing's registered agent, Robert A. Hall, which counsel for Hall Manufacturing signed and returned to Ms. Green on February 4, 2021 (Dkt. Nos. 5, 8-9).  Because Ms. Green filed the waiver of service with the Court on February 9, 2021, the date of filing surpassed the general time allotted for service under Rule 4(m).

Under Rule 4(m) of the Federal Rules of Civil Procedure, if the district court concludes that there is good cause for plaintiff's failure to serve within 90 days, it shall extend the time for service. Fed. R. Civ. P 4(m).  "If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996).  A court must look to a plaintiff's "reasonable efforts to effect service in determining whether the circumstances warrant a discretionary extension for service of process."  *Brinkley v. City of Helena-West Helena, Ark.*, 2012 WL 5207595, at *5 (E.D. Ark. October 22, 2012).

Ms. Green sent a request for waiver of service to Hall Manufacturing's registered agent in a reasonable effort to obtain a signature and file the waiver within the 90 day period. Accordingly, the Court hereby extends the time for Ms. Green to complete service for 30 days and finds that Ms. Green timely served Hall Manufacturing by filing a signed waiver of service within the extended time.  For these reasons, the Court denies Hall Manufacturing's motion to dismiss for lack of service or insufficient service under Rule 12(b)(5).

### B.   Negligence Claim Is Preempted

Ms. Green stipulates to the dismissal of her negligence claim pursuant to Arkansas Code Annotated § 11-9-105.   Ms. Green's negligence claim is barred by the exclusivity doctrine of Arkansas's workers' compensation laws, which grant employers immunity from liability for damages in tort actions brought by injured employees.   *See* Ark. Code Ann. § 11-9-105; *Int'l Paper Co. v. Clark Co. Circuit Ct.*, 289 S.W.3d 103, 105-06 (Ark. 2008).   "Federal district courts in this state have recognized that they, like the state courts, have no subject-matter jurisdiction in cases in which exclusive jurisdiction is vested in the Workers' Compensation Commission." *Phifer v. Union Carbide Corp.*, 492 F. Supp. 483, 484 (E.D. Ark. 1980) (collecting cases).   The Court dismisses without prejudice Ms. Green's negligence claim for lack of subject matter jurisdiction.

### C.   Intentional Infliction of Emotional Distress

To plead a claim for intentional infliction of emotional distress, also referred to as an outrage claim, under Arkansas law, a plaintiff must allege that:   (1) defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.   *Hollingsworth v. First Nat'l Bank & Trust Co. of Rogers,* 846 S.W.2d 176, 179 (Ark. 1993).   Arkansas courts have taken a "narrow view of the tort of outrage" in the employment setting.   *Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1031 (E.D. Ark. 1996).   An employer has a right to discharge an at-will employee, and typically a claim of outrage cannot be predicated upon fact of discharge alone, but "the manner in which the discharge is accomplished or the circumstances under which it occurs may render the

employer liable." *Harris v. Arkansas Book Co.*, 700 S.W.2d 41, 43 (Ark. 1985).  The extreme and outrageous character of the conduct may arise from employer's knowledge that the employee is peculiarly susceptible to emotional distress by reason of some physical or mental peculiarity. *Ingram v. Pirelli Cable Co.*, 780 S.W.2d 571 (Ark. 1989).

Hall Manufacturing first alleges that Ms. Green failed to plead conduct that was "extreme and outrageous" and "beyond all possible bounds of decency" (Dkt. No. 5).  In her complaint, Ms. Green alleges that she suffered an injury on the job, that the injury resulted in a permanent impairment in the use of her hand, and that Hall Manufacturing decreased her hours and pay, moved her to another plant, asked her to resign, and then terminated her employment claiming expressly the termination was due to her injuries (Dkt. No. 1, ¶¶ 23-27,31, 62, 66).  On the face of the complaint, and drawing reasonable inferences from the pleadings in Ms. Green's favor, Ms. Green alleges that Hall Manufacturing's supervisors and employees acted in a boorish and intimidating manner for several months, with knowledge of Ms. Green's medical history and diagnosis, demonstrating coercive tactics to yield her resignation due to her severe physical ailment, and continued the tactics after her termination.  These allegations taken together are sufficient at this stage of the litigation to state an outrage claim under Arkansas law.  *See Smith v. Southern Starr of Arkansas, Inc.*, 700 F.Supp. 1026, 1027 (E.D. Ark. 1988) (denying motion to dismiss outrage claim when plaintiff claimed her employer discriminated by terminating plaintiff solely for her age);  *see also Graham v. Bryce Corp.*, 348 F.Supp.2d 1038 (E.D. Ark. 2004) (allowing outrage claim to proceed to a merits-based review when plaintiff claimed supervisor harassed and belittled her and eventually terminated her because of race);  *Webb v. HCA Healthservices of Midwest, Inc.*, 780 S.W.2d 571 (Ark. 1989)  (allowing plaintiff's outrage claim to move to a merits-based review when plaintiff alleged defendant caused severe difficulties for

several months by tampering with plaintiff's work duties and encouraging supervisors to fire plaintiff); *M. B. M. Co., Inc. v. Counce*, 596 S.W.2d 681 (Ark. 1980) (denying summary judgement when defendant terminated plaintiff and unreasonably affected plaintiff's ability to collect unemployment benefits).

Hall Manufacturing argues additionally that Ms. Green failed to plead severe emotional distress (Dkt. No. 5).  Severe emotional distress has been described as "nervous shock to emotional upset, and. . . all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, anger, embarrassment, chagrin, disappointment, worry and nausea." *Mary C. Petty Family Trust v. Louton*, 591 S.W.3d 393, 396 (Ark. Ct. App. 2019) (quoting *M. B. M. Co., Inc. v. Counce*, 596 S.W.2d 687 (1980)).  Ms. Green alleges experiencing mental anguish, humiliation, embarrassment, loss of the enjoyment of life, anxiety, stress, and depression during her employment and after her termination (Dkt. No. 1, ¶¶ 46, 54, 67).  Based on the complaint before the Court, Ms. Green sufficiently alleges at this stage of the litigation severe emotional distress.

Accordingly, the Court denies Hall Manufacturing's motion to dismiss based on Rule 12(b)(6) Ms. Green's claim of intentional infliction of emotional distress under Arkansas law because, taking the facts alleged by Ms. Green in her complaint, she plead sufficiently outrageous conduct by Hall Manufacturing and that she suffered severe emotional distress as a result.

### IV.    Conclusion

For these reasons, the Court grants, in part, and denies, in part, Hall Manufacturing's motion to dismiss (Dkt. No. 4, ¶¶ 1, 2, 3).  It is therefore ordered that:

1.    The Court denies Hall Manufacturing's motion to dismiss the complaint for insufficient service of process by Ms. Green.

2.      The Court grants Hall Manufacturing's motion to dismiss Ms. Green's negligence
        claim because the claim is barred by the exclusivity doctrine of Arkansas's
        workers' compensation laws.

3.      The Court denies Hall Manufacturing's motion to dismiss Ms. Green's claim for
        intentional infliction of emotional distress under Arkansas law.

It is so ordered, this 7th day of September, 2021.


                                                    _____
                                                    Kristine G. Baker
                                                    United States District Judge